# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2021

Lyle W. Cayce
Clerk

No. 20-30494

United States of America,

*Plaintiff—Appellee*,

*versus*

Ray Hatton, III,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:12-CR-334-1

Before Ho, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Ray Hatton III pleaded guilty to receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). In 2013, he was sentenced to 121 months' imprisonment and a lifetime of supervised release. After exhausting his administrative remedies, Hatton filed a motion for compassionate release

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. The district court denied Hatton's motion. Hatton appealed.

His case was routed to this panel for consideration in tandem with No. 20-10695, *United States v. Lorick*, and No. 20-40543, *United States v. Shkambi*. Here, as in those other cases, the district court thought itself bound by the United States Sentencing Commission's "policy statement," which sets forth substantive standards governing compassionate-release motions under § 3582(c)(1)(A). *See* U.S.S.G. § 1B1.13 & cmt. 1.

As we explained in *Shkambi*, the text of § 1B1.13 limits its applicability to "motion[s] of the Director of the Bureau of Prisons." No. 20-40543, at 8–9 (5th Cir. Apr. 7, 2021) (quoting U.S.S.G. § 1B1.13). The district court therefore erred in considering itself bound by the policy statement in considering a *prisoner's* § 3582 motion. On remand, the district court must consider whether Hatton has demonstrated "extraordinary and compelling reasons" justifying sentence reduction under § 3582(c)(1)(A)(i). Of course, as always, the district court also must consider the factors enumerated in § 3553(a).

The district court's order denying Hatton's motion for compassionate release is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.